**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50424 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05680-W |
| v. | |
| HECTOR CASIMIRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Hector Casimiro appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Casimiro contends that the district court procedurally erred and violated his right to due process by relying on his refusal to waive his appellate rights as a factor in sentencing. The record does not support this contention. The court explained why Casimiro did not qualify for a fast-track departure, and it did not rely on the lack of an appeal waiver in imposing sentence.

Casimiro further contends that his sentence is substantively unreasonable because the district court should have varied downward to the fast-track Guideline range. The court did not abuse its discretion in imposing Casimiro's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009) ("[F]ast-track disparities are not 'unwarranted' so as to permit their consideration under [18 U.S.C.] § 3553(a)(6)."). The 70-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature and circumstances of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**